09-1163-cr
U.S. v. Abiodun

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

United States of America,
> *Appellee,*

v.            09-1163-cr

Emmanuel Abiodun,
> *Defendant-Appellant.*

---

FOR APPELLANT:        Law Office of Andrew H. Freifeld, New York, N.Y.

FOR APPELLEES:        Preet Bharara, U.S. Attorney, Jessica A. Masella, Katherine Polk Failla, Assistant U.S. Attorneys (*of counsel*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York

(Denny Chin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on February 27, 2009, is **AFFIRMED**.

Emmanuel Abiodun appeals from an amended judgment of conviction resentencing him principally to 96 months' imprisonment following his guilty plea to three counts of conspiracy to commit wire fraud, computer fraud, fraud in connection with identification documents, access device fraud, interstate transportation of stolen goods and interstate receipt and sale of stolen goods in violation of 18 U.S.C. §§ 371, 1343, 1030(a)(2)(C), (c)(2)(B)(i)-(iii), 1028(a)(7), 1029(a)(2), 1029(a)(3), 2314 and 2315; fraud in connection with identification documents in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), 1028(c)(3) and (2); and possession of unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(3) and (2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a defendant challenges the district court's interpretation of a Guidelines provision, we review that interpretation de novo. See United States v. Hertular, 562 F.3d 433, 449 (2d Cir. 2009). We review the reasonableness of a sentence for abuse of discretion and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Rigas, 583 F.3d 108, 121-22 (2d Cir. 2009) (internal quotations marks omitted). In examining the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of

discretion." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

In the first appeal from his sentence, Abiodun challenged the district court's determination that his criminal activity involved more than 250 victims, as most of the individuals affected by Abiodun's fraud were reimbursed for their financial losses by their banks or credit card companies. We held that such reimbursed victims may be counted as victims for the purposes of Sentencing Guidelines § 2B1.1(b)(2) if they suffered (1) an adverse effect (2) as a result of the defendant's conduct that (3) can be measured in monetary terms. See United States v. Abiodun, 536 F.3d 162, 168-69 (2d Cir. 2008). We remanded to the district court and directed it either to "(1) recalculate the loss amount associated with defendants' crimes to include lost time or (2) determine whether, if individuals whose losses ultimately consisted only of lost time are excluded from the count, it is still 'more likely than not' that Abiodun's crimes affected '250-plus victims.'" Id. at 171 (emphasis in original).

The parties disagree about whether the district court successfully applied this Court's analysis. It is unnecessary to resolve this disagreement, however, because the district court also justified its re-imposition of a 96-month above-Guidelines sentence by using an alternative Guidelines calculation. The court noted that if those whose only loss was lost time were excluded, there would remain more than 50 victims, a number that would require a four-level increase, see U.S.S.G. § 2b1.1(b)(2)(B), rather than the six-level increase previously imposed. The court also noted that with a four-level increase, the downward departure of six levels, which the court had previously made pursuant to United States v. Lauersen, 348 F.3d 329 (2d Cir. 2003), aff'd on reh'g, 362 F.3d 160 (2d Cir. 2004), vacated and remanded on other grounds, 543 U.S. 1097 (2005), would be reduced from six levels to

four levels. The net result was to end up with the same adjusted offense level of 27. Since this method of calculating the adjusted offense level (and hence the applicable Guidelines sentencing range of 70 to 87 months) was free from error, any possible error in calculating that same level by a different method was harmless.

Moreover, the district court also found that a 96-month above-Guidelines sentence was appropriate in light of the factors to be considered under 18 U.S.C. § 3553(a). The district court took into account the number of victims affected by Abiodun's conduct and the "pain and suffering and frustration" of those victims even if they did not ultimately suffer monetary loss. The district court appropriately took account of the section 3553(a) factors in imposing sentence under, and the sentence it arrived at in balancing those factors is well within the range of permissible decisions. The district court made clear that it imposed a non-guidelines sentence that it believed was the correct sentence regardless of the technical guidelines issues, and, since that sentence is reasonable, the sentence must be affirmed in any event.

The judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk